UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| HOWARD CHURWIN, on his behalf and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | File No. 1:12-cv-115-jgm |
| BUILDING PRODUCTS OF CANADA CORP., | : : : | |
| Defendant. | : : | |

MEMORANDUM AND ORDER
(Doc. 17)

I.   Introduction

Howard Churwin moves to consolidate this matter -- a putative products liability class action -- with Melillo v. Building Products of Canada Corp., No. 1:12-cv-16 (filed Jan. 25, 2012), under Federal Rule of Civil Procedure 42.  (Doc. 17.)  Defendant Building Products of Canada Corp. (BPC) and the Melillo Plaintiffs, Robert Melillo and Arthur Mayo, Jr., jointly oppose the motion.  See Joint Opp'n, Melillo v. Building Prods. of Canada Corp, No. 1:12-cv-16 (Doc. 30).  Churwin has not filed a reply.

II.   Discussion

Churwin asserts consolidation is warranted because the cases involve the same factual allegations and legal issues and consolidation will also "reduce the likelihood for inconsistent rulings and prevent the waste of judicial resources." (Doc. 17 at 2.)  Churwin originally filed this action in the District of Massachusetts in January 2012.  (Doc. 1.)  In May, he moved to transfer

the action to this Court (Doc. 4); the case was transferred in June.  (Doc. 7.)  On June 11, 2012, Churwin attempted to serve BPC by Federal Express.[1]  (Doc. 16.)

A year earlier, in June 2011, in the Superior Court of Vermont, Chittenden Unit, Robert Melillo and Arthur Mayo, Jr. had commenced a putative product liability class action against BPC, alleging organic shingles manufactured by BPC were defective.  That action was removed to this Court in January 2012.  A proposed settlement was negotiated and, on February 14, 2012, the parties filed a Stipulated Motion for Preliminary Approval of Class Action Settlement.  See No. 1:12-cv-16 (Doc. 14).  On July 2, 2012, the Court granted the motion and a hearing for final settlement approval is scheduled for December 12, 2012.  No. 1:12-cv-16 (Doc. 27).

The parties in Melillo point out the United States Judicial Panel on Multidistrict Litigation considered a motion to transfer this and other related actions for coordinated or consolidated pretrial proceedings.  Joint Opp'n, No. 1:12-cv-16 (Doc. 30 at 4-5).  The Panel denied the motion, noting "the benefits of centralization do not outweigh the potential disruption in settlement proceedings."  Order Denying Transfer, In re Building Prods. of Canada Corp. Organic Shingles Prods. Liab. Litig., MDL No. 2341 (Apr. 17, 2012).[2]

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at

---

[1] The Melillo parties assert BPC informed Churwin service by Federal Express is not effective in Canada.  Regardless, the attempted June 11 service was more than 120 days after the complaint was filed on January 12.  Accordingly, the attempted service was not compliant with Federal Rule of Civil Procedure 4(m) which requires service within 120 days after the complaint is filed.

[2] A copy of the order was filed as an exhibit to the Joint Opposition in Melillo.  See Ex. A to Joint Opp'n, Melillo v. Building Prods. of Canada Corp, No. 1:12-cv-16 (Doc. 30-1).

issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Id.  The court possesses wide discretion in determining whether to consolidate cases.  See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

In this case, as the MDL Panel found, consolidation is not appropriate.  Consolidation would likely create inefficiency instead of diminish cost or delay.  The Melillo action is considerably further advanced.  A class settlement has been preliminarily approved and the hearing for final settlement approval is scheduled.  Mr. Churwin -- presumably a member of the putative class in Melillo -- may object to the settlement, attend the hearing and have his concerns heard.  Mr. Churwin may also opt out of the class and pursue his own action.  The Court finds, in its discretion, consolidation is not warranted.

III.    Conclusion

Churwin's motion to consolidate (Doc. 17) is DENIED.

Further, Churwin is hereby notified the action will be dismissed without prejudice on September 20, 2012 unless he shows good cause for the failure to serve Defendants within 120 days of the filing of his complaint.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of August, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

3